UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. MARK TROXLER** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE through the LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER - SHREVEPORT** | **JUDGE**<br><br>**MAGISTRATE JUDGE** |

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Dr. Mark Troxler, who respectfully represents as follows:

**INTRODUCTION**

1.

Dr. Mark Troxler brings this action against the Defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College through the Louisiana State University Health Sciences Center – Shreveport (hereinafter "LSUHSC-S"), for retaliation for the exercise of protected activity, which resulted in his wrongful termination from his employment with LSUHSC-S and the United States Veterans Administration.

**JURISDICTION AND VENUE**

2.

Jurisdiction is also proper in this Court under 28 U.S.C.A. § 1331, as this is an action for injunctive relief and damages arising from the Defendant's violations of Dr. Troxler's rights under 42 U.S.C. § 2000 *et. seq* (Title VII).

1

3.

Venue is appropriate in the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C.A. § 1391(b), in that the Defendant is domiciled in this district (LSA-R.S. 17:3219).

**PARTIES**

4.

Plaintiff, Dr. Mark Troxler (hereinafter "Dr. Troxler"), is a physician, a person of the full age of majority, and a citizen of the State of Texas who is domiciled in Collin County, Texas.

5.

Made Defendant herein is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College through the Louisiana State University Health Sciences Center – Shreveport (hereinafter "LSUHSC-S"), a subdivision of Louisiana State University, a public university.

**STATEMENT OF FACTS**

6.

Dr. Troxler timely filed his EEOC charge against LSUHSC-S regarding the following claims and received a "right to sue" notice on August 9, 2024.

7.

The Plaintiff wishes to inform the Defendant and the Court that he has also filed an additional discrimination claim, arising out of a parallel set of facts, with the EEOC, alleging violations of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e *et seq.*, and the Federal Rehabilitation Act (29 U.S.C. § 794), against the Department of Veterans Affairs. After the

exhaustion of administrative remedies, the Plaintiff reserves the right to amend this complaint to add the Department of Veterans Affairs as a Defendant in this action.

8.

Dr. Troxler served as a licensed Attending Physician at the Overton Brooks VA Medical Center in Shreveport, Louisiana (hereinafter "VA") from May 1, 2021, until his constructive termination on April 13, 2023.

9.

Dr. Troxler was also employed by LSUHSC-S as a Clinical Assistant Professor – Gratis in the Department of Medicine, Section of General Internal Medicine from October of 2021 until his termination in December of 2023.

10.

At the time of his termination, Dr. Troxler was also an applicant for a Hospitalists position at the LSUHSC-S Department of Medicine.

11.

Throughout his employment with LSU, Dr. Troxler was responsible for supervising and teaching resident physicians attending the LSU Medical School. This included filling out monthly surveys regarding their performance at the end of each residency rotation.

12.

Through his employment with the VA, Dr. Troxler routinely received complaints from patients and staff regarding the conduct of LSU Resident Physicians and actively sought to address these complaints.

13.

On October 1, 2021, Dr. Troxler raised concerns to Dr. Katrina Sulaiman, LSU Internal Medicine Residency Director, regarding discriminatory practices by LSU Resident Physicians, which were subsequently denied by Dr. Sulaiman.

14.

Dr. Troxler reported other concerns regarding another resident, Dr. Lillie Turnbough, at the time a first-year resident at the LSU Meds-Peds Residency program, who repeatedly refused to see patients and participate in rounds. Despite Dr. Troxler reporting this resident physician's issues to Dr. Katrina Sulaiman, the Internal Medicine Residency Director, Dr. Tourngough's refusals continued, leading to her failure of the rotation.

15.

Dr. Sauliman later communicated to Dr. Wise, the Director of the Professional Standards Board and member of the Medical Executive Committee, that she did not recommend that Dr. Troxler supervise residents due to these resident interactions mentioned above. A subsequent email suggested that Dr. Troxler could supervise residents with monitoring, but this correspondence was retained and concealed by the VA, and Dr. Troxler was not made aware of it until recently.

16.

On December 23, 2021, Dr. Lillie Turnbough sexually harassed Dr. Troxler through unwelcomed sexual remarks, such as asking Dr. Troxler to go to her apartment repeatedly. In response, Dr. Troxler stated that he was married and that he was not interested, even going so far as to say "No means no" to her in the presence of multiple resident physicians present at the time.

17.

These instances of sexual harassment were reported to Dr. Joshua Maier, Liaison to the LSU/VA employee endocrinologist, who refused to report the issue because he "didn't want to be responsible for the residents leaving the VA."

18.

Dr. Troxler then submitted a Disruptive Behavior Report to the Medical Center Director, Mr. Richard Crockett, to which he received no response.

19.

On multiple occasions throughout 2022, Dr. Troxler faced escalating verbal harassment regarding patient care from multiple colleagues at the VA, including Dr. Vutukuri and Dr. Wilson, leading him to file Disruptive Behavior Reports with the VA to no avail.

20.

On January 24, 2023, Dr. Katrina Sulaiman, LSU IM Program Manager, sent a discriminatory letter by email to the Professional Standards Board ("PSB"), which interfered with a private meeting between Dr. Troxler and the PSB that was happening at the same time, the subject of which was the renewal of Dr. Troxler's employment with the VA.

21.

In addition, Dr. Wilson, a resident physician at the VA under Dr. Troxler's supervision, Dr. Sulaiman, and other LSUHSC-S faculty sent false and discriminatory letters to the Professional Standards Board for the purpose of affecting Dr. Salvatore's employment. The contents of these letters were disproven by Dr. Troxler at his hearing with the Board.

22.

On Sunday, January 29, 2023, Dr. Troxler fell at home and separated his dominant right shoulder, causing severe injury. He was transported to the Emergency Room, where surgical repair was performed. The VA approved Dr. Troxler's time off to heal, but subsequently terminated him while he was recovering from his injury on April 13, 2023.

23.

On Monday, March 6, 2023, the PSB voted to retain Dr. Troxler, stating, "We found no evidence to support allegations" of a hostile and intimidating work environment or inappropriate comments. At that time, Dr. Troxler was not supervising LSU Resident Physicians, nor was it a requirement of his position as the VA Physician for Consults and Transfers.

24.

On that same day, Mr. Richard Crockett, Shreveport VA Medical Center Director, disapproved of the PSB's vote for Dr. Troxler's retention with the VA without providing any reason or evidence.

25.

On Wednesday, March 15, 2023, the Professional Standards Board/Medical Executive Board voted to uphold the recommendation of the PSB regarding the non-renewal of Dr. Troxler's clinical privileges at the VA, but did not provide any evidence to support their decision.

26.

On Thursday, April 13, 2023, Dr. Troxler was constructively discharged from the Shreveport VA after pressure from LSU officials, as per the VA Union President.

27.

As a faculty employee and employee applicant of LSUHSC-S, Dr. Troxler attended all employee faculty related meetings and programs for LSUHSC-S including online educational conferences as well as face to face faculty development programs.

28.

On December 6, 2023, LSUHSC-S secretly and without notification to Dr. Troxler, completed an employment form for his removal from his LSUHSC-S faculty position.

29.

Dr. Troxler was summarily terminated without from his employment at LSUHSC-S without any opportunity to contest the allegations against him, which is shown by his "Employee Termination Letter."

## COUNT 1 – RETALIATION FOR REPORTING HARASSMENT

30.

By virtue of the foregoing, the Defendant, LSUHSC-S, has violated 42 U.S.C. § 2000e-3(a). by terminating Plaintiff's employment in retaliation for his protected activity of reporting sexual harassment in the workplace.

## REQUESTS FOR RELIEF

31.

Dr. Troxler requests relief in the form of reinstatement, compensatory damages for his lost wages, and damages for emotional distress resulting from the actions of the defendant.

## JURY DEMAND

32.

The Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

33.

**WHEREFORE,** based on the above allegations, Dr. Troxler respectfully requests that this Court enter a judgment in his favor and against the Defendants, granting the relief sought and for any other relief deemed appropriate by the Court.

RESPECTFULLY SUBMITTED:

_____
**J. ARTHUR SMITH, III (Bar No. 07730)**
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
Email: jasmith@jarthursmith.com
*Attorney for Plaintiff,*
*Dr. Mark Troxler*